# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KIRSHA BROWN-YOUNGER,           )
                                )
            Plaintiff,          )     Case No.: 2:11-cv-01036-GMN-GWF
    vs.                         )
                                )     **ORDER**
SALVATION ARMY,                 )
                                )
            Defendants.         )

Pending before the Court is a Motion for Summary Judgment (ECF No. 15) filed by Plaintiff Kirsha Brown-Younger ("Plaintiff"). Defendant Salvation Army ("Defendant") filed a Response (ECF No. 20) and Plaintiff filed a Reply (ECF No. 23.)

## I.     PROCEDURAL BACKGROUND

Plaintiff filed this case on June 23, 2011, alleging discrimination, "a violation of the ADA of 1990, and violations of the 13th, 14th, and 15th Amendments, in regards to her racial constitutional rights." (Compl. 1:13-16, ECF No. 11.) On August 18, 2011, Magistrate Judge Foley entered a Report and Recommendation in which he recommended that the Court dismiss Plaintiff's claims for violations of her Thirteenth, Fourteenth, and Fifteenth Amendment rights. (R&R 4:14-18, ECF No. 9.) Judge Foley further recommended that these civil rights claims be dismissed with prejudice because Defendant was not acting under color of state law. (*Id.* at 4:7-18.) With respect to Plaintiff's claim under the Americans with Disabilities Act of 1990 (the "ADA"), Judge Foley recommended that the Court dismiss Plaintiff's claim without prejudice. (*Id.* at 5:16-18.) Accordingly, Judge Foley instructed Plaintiff to file an Amended Complaint within thirty (30) days of August 18, 2011. (*Id.* at 5:27-6:2.) The Court affirmed Judge Foley's Report and Recommendation in full on September 29, 2011. (ECF No. 13.)

## II.   DISCUSSION

Plaintiff now asserts that Defendant has failed to respond to her Amended Complaint and argues that, as a result, the Court should grant summary judgment in favor of Plaintiff. (Mot. for Summ. J. 1:27-28, ECF No. 15.)  Because Plaintiff failed to file an Amended Complaint in compliance with Judge Foley's Recommendation (ECF No. 9) and this Court's adoption of that Recommendation (ECF No. 13), the Court finds that there are no pending claims ripe for the adjudication that Plaintiff requests.  It appears to the Court that Plaintiff is attempting to rely on her "Response to Defendants Opposition," (ECF No. 12), as her Amended Complaint.  However, this document is not in the form of a complaint as required by Rule 8(a) Federal Rule of Civil Procedure.  Specifically, Rule 8(a) requires that a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . .."

For these reasons, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED.  However, in the interest of justice, the Court grants Plaintiff until Wednesday, May 1, 2013, to file a complaint amending Plaintiff's ADA claim if Plaintiff can cure the deficiencies identified in Magistrate Judge Foley's Order, which is attached to this Order as Exhibit 1.  Plaintiff's amended complaint must also comply with Rule 8(a) of the Federal Rules of Civil Procedure. Failure to file such a complaint will result in the dismissal of this action with prejudice.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 15) is **DENIED**.  The Court grants Plaintiff leave to file an amended complaint consistent with the deficiencies identified in Magistrate Judge Foley's Order (ECF No. 13) attached hereto.

/ / /

/ / /

Failure to file an amended complaint **by Wednesday, May 1, 2013,** shall result in dismissal of this action with prejudice.

   **DATED** this 29th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge

# EXHIBIT 1

Case 2:11-cv-01036-GMN-GWF   Document 42   Filed 03/29/13   Page 4 of 10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRSHA BROWN-YOUNGER,<br><br>        Plaintiff,<br><br>vs.<br><br>SALVATION ARMY,<br><br>        Defendant. | Case No. 2:11-cv-01036-GMN-GWF<br><br>**ORDER AND**<br>**FINDINGS AND RECOMMENDATION**<br><br>Application to Proceed In Forma Pauperis (#1) and Screening of Complaint |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on June 23, 2011.

### BACKGROUND

Plaintiff alleges that the Salvation Army violated the ADA of 1990 and her 13th, 14th, and 15th Amendment rights. Plaintiff specifically claims that she was discriminated against based on her race and disability when she was denied and terminated from receiving service from the Salvation Army, a state-funded social services agency. Plaintiff claims that the staff verbally abused her by stating that "she was not functional" enough for their vocational program, and that she did not qualify for services, emergency shelter, transitional housing or other services.

Plaintiff further alleges that she was sexually harassed by staff employees in the kitchen, enduring derogatory and profane remarks of a sexual nature. Plaintiff brought this matter to the attention of Defendant, but claims the Defendant did not address her concerns. Plaintiff claims that she was denied housing services based on her disability and race and that she was defrauded out of her housing payment of $55 for the week of the 23rd -30th (no month specified). Plaintiff claims she was the victim of profane verbal attacks of an extreme and alarming nature from the volunteers and regular staff

with the purpose of provoking her to physical confrontation. Plaintiff alleges that her safety was threatened, and the volunteer staff stated that they would "catch her in the streets and attack her at a later date." Plaintiff claims she was treated inhumanely, and she has exhausted all her available administrative methods of relief.

Plaintiff alleges that not all the patrons are required to pay toward their housing services, and because the program is state funded and possibly federally funded social services organization, the beds are already paid for by the government. In light of that, Plaintiff claims that any request for payments is not necessary and is solely for the purpose of capitalizing on impoverished individuals. Plaintiff specifically alleges that the cost for beds was created for certain, undesirable people based on discrimination. Plaintiff further alleges that she experienced retaliation from the residents/clients, instigated by the lower staff members, after she brought her concerns to the upper staff members. As a result, Plaintiff requests $1 million dollar for intentional financial abuses, harassment, discrimination, verbal abuse, and violations of her constitutional and human rights.

## **DISCUSSION**

I.   Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Brown-Younger's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a

nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Civil Rights Claim - 42 U.S.C. § 1983

Plaintiff filed a civil rights actions pursuant to 42 U.S.C. § 1983. The substance of Plaintiff's allegations reveal, however, that Plaintiff is not alleging a civil rights violation under § 1983. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law. Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.

For the purposes of screening Plaintiff's complaint, the Court will assume the Plaintiff is alleging that the Salvation Army is acting under color of state law because it is a state funded social service agency. Although the Salvation Army may be regulated and funded, in part, by the State of Nevada, that alone does not require a finding that it was acting under color of state law. The Supreme Court has refused to find state action merely because some of the actions of a private organization are regulated by the government. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Rather, to find state action based on

3

licensing or regulation, it must be shown that the government commanded or encouraged the alleged wrongdoing. There must be a "sufficiently close nexus between the State and the challenged action ... so that the action ... may be treated as that of the State itself." *Id.* at 1004 (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974)); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 841-42 (1982). Further, allegations of state funding, alone, are insufficient to establish state action. *Kohn*, 457 U.S. at 838.

Plaintiff has failed to allege any facts to support a claim that the state government in connection with the Salvation Army commanded or encouraged the alleged violation of her rights. In fact, the Plaintiff alleges her rights were violated by the staff and volunteers at the Salvation Army. Plaintiff never alleges any state action or involvement. Further, the Salvation Army's alleged status as a state funded social service agency does not mean that it is acting under the color of state law. *See Vargas v. Salvation Army*, 649 F.Supp. 763, 768 (N.D.Ill.1986) (determining that The Salvation Army, even when operating under the regulation and control of the state, does not perform a public function in caring for the sick and elderly). Therefore, the Salvation Army is not acting under color of state law, and Plaintiff's claim must be dismissed.

As it is clear from the face of the complaint that the deficiencies cannot be cured by amendment, the Court will recommend that Plaintiff's 13th 14th and 15th Amendment claims must be dismissed with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**IV.  ADA Claim**

Plaintiff alleges that the Salvation Army violated the Americans with Disabilities Act (the "ADA") of 1990. The Court, however, cannot discern the basis of Plaintiff's ADA claims. If Plaintiff is alleging that she was at some point employed by the Salvation Army and was discriminated against in that regard, in order to prove a prima facie claim under the ADA, 42 U.S.C. §§ 12101 et seq., a plaintiff must show that (a) she is disabled under the meaning of the ADA (this includes being "regarded as" disabled; (b) she is qualified to perform the essential functions of her position with or without a reasonable accommodation; and (c) she suffered an adverse action because of her disability. S*ee McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

. . .

1    Title II of the ADA also provides "no qualified individual with a disability shall, by reason of
2 such disability, be excluded from participation in or be denied the benefits of the services, programs, or
3 activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.
4 Section 12131 defines "qualified individual with a disability" as "an individual with a disability who,
5 with or without reasonable modifications to rules, policies, or practices ... meets the essential eligibility
6 requirements for receipt of services or the participation in programs or activities provided by a public
7 entity." 42 U.S.C. § 12131.

8    The ADA's prohibition of discrimination in services, programs, or activities "encompasses
9 virtually everything a public entity does." *Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir.1998).
10 To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) she is
11 a "qualified individual with a disability"; (2) she was either excluded from participation in or denied the
12 benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by
13 the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her
14 disability. *Weinreich v. Los Angeles County Metropolitan Transp. Auth.*, 114 F.3d 976, 978 (9th
15 Cir.1997).

16    Because the Plaintiff does not allege sufficient facts to support an ADA claim, the Court cannot
17 properly screen her complaint. Therefore, the Court will grant Plaintiff leave to amend her complaint to
18 plead facts sufficient to establish an ADA claim against the Salvation Army. Accordingly,

19    **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is
20 **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars
21 ($350.00).

22    **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion
23 without the necessity of prepayment of any additional fees or costs or the giving of security therefor.
24 This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at
25 government expense.

26    **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

27    **IT IS FURTHER ORDERED** that the Plaintiff ADA claim is **dismissed** without prejudice,
28 with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file

her Amended Complaint if she believes she can correct the noted deficiencies.  Failure to comply with this Order will result in the dismissal of this action.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's 13th, 14th and 15th Amendment claims against the Salvation Army should be **dismissed with prejudice** because the Salvation Army is not acting under color of state law for §1983 purposes.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn,* 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 18th day of August, 2011.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**