1

2

3

4

5                        **UNITED STATES DISTRICT COURT**

6                               **DISTRICT OF NEVADA**

7

8    KIRSHA BROWN-YOUNGER,                  )
                                             )
9                   Plaintiff,               )    Case No. 2:11-cv-01036-GMN-GWF
                                             )
10   vs.                                     )    **ORDER**
                                             )
11   SALVATION ARMY,                         )    Motion to Strike (#43)
                                             )
12                  Defendant.               )
                                             )
13   ————————————————————————————

14         This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Second Set of

15   Interrogatories and Defendant's Motion to Compel Plaintiff's Deposition (#39), filed on April 2, 2013.

16   In its Motion to Compel (#39), Defendant represents Plaintiff's responses to its Second Set of

17   Interrogatories ("Interrogatories") were due March 26, 2013. *See Doc. #39* at 3:7.  Defendant further

18   represents that it will file an additional motion to compel regarding the unanswered Interrogatories. *Id.*

19   The Motion to Compel (#39) at issue addresses Plaintiff's failure to attend her March 20, 2013

20   deposition in Las Vegas, Nevada.  Prior to the filing of Defendant's Motion to Compel but after her

21   deposition date, Plaintiff filed a document entitled "Response to Opposition" (#37) in which she asserts

22   she was financially unable to travel from Florida to her deposition.  Plaintiff now moves to strike the

23   Interrogatories and Motion to Compel (#39).

24         Whether to strike a pleading is a decision vested in the trial judge's sound discretion. *Cooper v.*

25   *Sely*, 2012 WL 5364502, at *1 (E.D. Calif. October 30, 2012) (citing *Talbot v. Robert Matthews*

26   *Distrib. Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992).  Courts generally disfavor motions to strike,

27   however, because they propose a drastic remedy.  See *Mag Instrument, Inc. v. JS Prod.ucts Inc.*, 595

28   F.Supp.2d 1102, 1106 (C.D. Cal. 2008).  Therefore, a party moving to strike a pleading under Rule

12(f) must demonstrate not only that the material is "redundant, immaterial, impertinent, or scandalous," but also that it will prejudice the moving party. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

Plaintiff here has not sufficiently shown that the Motion to Compel (#39) is improper in any manner enumerated in Rule 12(f). Plaintiff also has not demonstrated that the Motion will prejudice her. Therefore, the Court will not strike the Motion. Furthermore, responses and objections to interrogatories are typically served on the other party. *See* Fed. R. Civ. P. 33(b)(2). To the extent a party objects to an interrogatory, the grounds for objecting must be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4). Alternatively, a party may move for a protective order against answering discovery under Rule 26(c) to prevent annoyance, embarrassment, oppression, or undue burden. Plaintiff has not stated sufficient grounds to strike the Interrogatories. The Court will conduct a hearing on Defendant's Motion to Compel Plaintiff's Deposition (#39) on **Friday, May 10, 2013**, at which Plaintiff may appear telephonically. *See Amended Minute Order, Doc. #45.* Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#43) is **denied** without prejudice.

DATED this 11th day of April, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge