# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIRSHA BROWN-YOUNGER,<br><br>        Plaintiff,<br><br>vs.<br><br>SALVATION ARMY,<br><br>        Defendant. | Case No. 2:11-cv-01036-GMN-GWF<br><br>**FINDING AND RECOMMENDATION**<br><br>**Motion to Strike Amended Complaint - #62** |

      This matter comes before the Court on Defendant's Motion to Strike Amended Complaint (#62), filed on June 28, 2013. Defendant filed a Notice of Non-Opposition (#68) on July 31, 2013, and to date Plaintiff has not filed a response to the Motion or any other pleadings. Although Defendant styled its Motion as a Motion to Strike, Defendant seeks dismissal of this action.

      Plaintiff asserts discrimination and sexual harassment claims against Defendant, at whose charitable facilities she resided at the time of an alleged altercation that resulted in her removal from the premises. On September 26, 2012, a Rule 26 conference was scheduled, which Defendant represents Plaintiff did not attend. Defendant served its first round of discovery requests on September 26, 2012, to which Plaintiff did not respond. On December 3, 2012, Defendant filed a Motion to Dismiss (#24) for lack of prosecution under Rule 41(b). On January 1, 2013, Plaintiff filed a Motion to Extend (#29) the time to respond to the discovery requests, which the Court granted. *See February 6, 2013 Order, Doc. #33*. The Court ordered Plaintiff to respond to the discovery by February 22, 2013. *Id.* The District Judge denied Defendant's Motion to Dismiss as moot on February 8, 2013. *See Minute Order, Doc. #34*. Defendant noticed Plaintiff's deposition on March 1, 2013 for March 20, 2013 in Las Vegas. On March 25, 2013, Plaintiff filed a pleading entitled "Response to Opposition" (#37) in which she

indicated she would not attend her deposition. Defendant filed a Motion to Compel (#39) on March 27, 2013 both as regards Plaintiff's deposition and the discovery, adequate responses to which had still not been provided. The Court conducted a hearing on the Motion to Compel (#39) on May 10, 2013 at which Plaintiff was permitted to attend telephonically; however, Plaintiff did not attend. *See May 10, 2013 Minutes of Proceedings, Doc. #56*. The Court granted the Motion to Compel, ordered Plaintiff to attend her deposition, and cautioned Plaintiff that failure to do so may result in the imposition of sanctions. *See May 14, 2013 Order, Doc. #58*. Defendant re-noticed Plaintiff's deposition for June 13, 2013, and on that date Plaintiff corresponded with Defendant that she would not be attending her deposition. Defendant subsequently recorded Plaintiff's non-appearance. Defendant filed a Motion to Compel (#61) on June 12, 2013, alleging that Plaintiff had still not adequately responded to Defendant's first round of discovery, and had not responded at all to Defendant's second round. The second Motion to Compel (#61) remains pending.

     Federal Rule of Civil Procedure 37(b)(2)(A)(iii)-(v) provides that courts may strike a complaint or dismiss an action if the plaintiff fails to obey an order to provide or permit discovery. Rule 37(d)(3) provides the same recourse if a party fails to appear for its deposition. Before dismissing a case for non-compliance with court-ordered discovery under Rule 37, courts must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (citing *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987)). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Id.*

     The first two factors militate in favor of dismissing this case. Plaintiff's dilatory behavior and failure to follow this Court's discovery orders and Local Rules have required much time and attention from the Court. This was Plaintiff's action to pursue, and she had ample opportunity, not to mention several Court orders, to do so.

. . .

The third factor also supports terminal sanctions. Defendant has spent considerable time and resources to pursue numerous motions to compel both discovery and Plaintiff's deposition, all to no avail. Plaintiff brought this action, and Defendant cannot be expected to spend additional resources to force her to litigate it. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3rd Cir. 1984) (prejudice includes "irremediable burdens or costs imposed on the opposing party"); *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (indicating that defendant had been prejudiced by plaintiff's continual flouting of discovery rules, failure to comply with pretrial conference obligations, and repeated violations of local court rules).

Finally, there are no less drastic sanctions available that would suffice to move this case forward. Plaintiff's participation in her own case has been very minimal, and oftentimes has only obfuscated issues and caused delay. Plaintiff does not have a telephone, and has relocated numerous times during this case, sometimes without notifying the Court. *See, e.g., Docs. ## 2, 3, 32*. Plaintiff has also stated that she has little financial resources. *See Doc. #37* at 1:18. Therefore, the Court is doubtful that monetary sanctions would have any real motivating or punitive effects. The Court could also strike other pleadings or deem certain allegations admitted; but again, owing to Plaintiff's previous activity in this case, it is doubtful that such sanctions would result in anything other than additional motion practice by Defendant. Finally, the Court cautioned Plaintiff that continued failure to attend her deposition or participate in discovery would result in sanctions; nevertheless, Plaintiff still has outstanding discovery responses and has yet to appear for her deposition. Having balanced the five *Malone* factors, the Court finds that they weigh in favor of terminal sanctions. Accordingly,

## RECOMMENDATIONS

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Strike Plaintiff's Complaint (#62) be **granted**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Amended Complaint be **dismissed** with prejudice.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the

failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge